*AMEZAGO vs. VALLEGO & AL.*

AMEZAGO
*vs.*
VALEGO & AL.

If A. direct his debtor to pass his balance to the credit of B, who is a debtor of the latter, and it is so done, A's claim is extinguished.

APPEAL from the court of the first district.

This suit was brought to recover from the defendants the sum of $985, and the facts, as they appear in the record, were in substance as follows: In January, 1828, the plaintiff, being in Tampico, consigned to the defendant, Calico, a bag containg $1,000, which, after deducting charges, produced the nett sum of $985. On the 15th April, 1828, the plaintiff by letter directed the amount to be passed to the credit of Valego, and the latter, by letter dated Tampico, 12th May, 1828, requested Calico to keep the money at the disposal of him, Valego; but on the 18th May, he again wrote to Calico, directing him to pass it to the credit of plaintiff; and on the 21st June, Calico wrote to Valego, informing him, that in compliance with the orders of plaintiff, he had credited him, Valego, for the sum of $985.

The defendants filed seperate answers. Calico admitted the receipt of the money, but denied being indebted to the plaintiff, as he had,

in compliance with plaintiff's instructions of 15th April, credited Valego, who was his debtor, with the amount, and that this disposition of the money was made by the express order and particular request of the said Valego. Valego denied being indebted to the plaintiff, and in amended answer, prayed judgment against Calico for $770, which he alleged he had advanced, while Calico and himself were partners in 1825. By an order of court, the accounts between the defendants were referred to auditors, but it did not appear that they made any report. It was admitted, that there was no debt owing to the plaintiff by Valego, or any transaction between them, other than the $1,000 sent to Calico.

There was judgment against Valego, in favor of the plaintiff, for the amount claimed, and Valego appealed.

*Morphy*, for appellant, urged the following points.

1. An absolute order for the payment of money, is a bill of exchange, whatever be its form. Bayley on Bills, p. 3.

2. When an order is drawn on certain funds placed at the credit of the drawer by the drawee, the former is entitled to strict notice from the

holder, when payment is refused by the drawer, on the ground that he has unsettled accounts with the drawer.

3. A reasonable and *bona fide* belief, on the part of the drawer, that he had a right to draw, entitles him to notice. French *vs.* Bank of Columbia, 4th Cranch, 141.

MARTIN J. delivered the opinion of the court. The plaintiff states, that having $985 in the hands of the defendant, Calico, he directed him to pass it to the credit of the other defendant, who afterwards, at the plaintiff's request, directed it to be returned to his, the plaintiff's credit, when, on various pretences, Calico refused to do so, pretending he was no longer a debtor of Vallego, the account between them having been balanced, by the credit given to Vallego, at the plaintiff's request. The money was therefore claimed solidarily from Vallego and Calico.

They filed separate answers. Vallego admitted, the sum was really credited to his account by Calico, at the plaintiff's request, but averred he suffered it to remain in Calico's hands, till the plaintiff desired to have it placed to his own credit, which Vallego instantly di-

rected. He denied being now, or having been before indebted to Calico, in any manner that might authorize him to decline passing the money to the plaintiff's credit.

Calico presumed that Vallego was indebted to him, and the sum placed to the latter's credit, although by plaintiff's order, had balanced the account between them, Calico and Vallego.

There was judgment in favor of the plaintiff, against Vallego, and he appealed.

The record shows, that the accounts between the two defendants were submitted by the court, to two referees and an umpire, but it does not appear that they ever acted thereon, or made any return, and we have looked in vain in the proceedings for any proof or evidence, establishing any right in Calico to withhold the money from the plaintiff, on account of a claim of his, Calico or Vallego.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the appellant, as in case of a non-suit, with costs in both courts.

If A direct his debtor to pass his balance to the credit of B, who is a debtor of the latter, and it is so done, A's claim is extinguished.